John B. Sganga, Jr. (SBN 116,211)
John.Sganga@knobbe.com
Brian C. Claassen (SBN 253,627)
Brian.Claassen@knobbe.com
Brandon G. Smith (SBN 307,676)
Brandon.Smith@knobbe.com
Eric R. Malmgren (SBN 323,859)
Eric.Malmgren@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant,
Monoprice, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAGNACROSS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MONOPRICE, INC.,<br><br>Defendant. | Civil Action No.<br>2:19-cv-09402 SJO(RAOx)<br><br>**DEFENDANT MONOPRICE, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. S. James Otero |
| MONOPRICE, INC.,<br><br>Counterclaimant,<br>v.<br><br>MAGNACROSS LLC,<br><br>Counterdefendant. | |

Pursuant to Fed. R. Civ. P. 8, 13, and 38, Defendant Monoprice, Inc. ("Monoprice" or "Defendant") hereby answers the Complaint for Patent Infringement of Plaintiff Magnacross LLC ("Magnacross" or "Plaintiff") as follows:

## I. <u>THE PARTIES</u>

1. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. Monoprice admits the allegations of Paragraph 2 of the Complaint.

## II. <u>JURISDICTION AND VENUE</u>

3. Monoprice admits that this is an action for alleged patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), but denies that any grounds exist for the claims asserted in the Complaint.

4. Monoprice admits that it conducts business in California and is a corporation organized under the laws of California. Monoprice admits that it is subject to specific personal jurisdiction in this District for the subject matter of the Complaint. Monoprice specifically denies any allegations of patent infringement. Monoprice denies the remaining allegations of Paragraph 4.

5. Monoprice admits that it sells products and/or services in, and derives revenue from within California. Monoprice specifically denies any allegations of patent infringement. Monoprice denies the remaining allegations of Paragraph 5.

6. Monoprice admits that it is a corporation organized under the laws of California. Monoprice admits that venue is proper for this action, but denies the remaining allegations of Paragraph 6.

/ / /

7. Monoprice admits that it is subject to personal jurisdiction within this District and that venue is proper for purposes of this action. Monoprice denies any remaining allegations of Paragraph 7.

## III. COUNT I

## (NO INFRINGEMENT OF U.S. PATENT NO. 6,917,304)

8. Monoprice incorporates by reference its responses to Paragraphs 1–7 of the Complaint as though fully set forth herein.

9. Monoprice admits that Exhibit A states on its face that the PCT application that led to the U.S. Patent No. 6,917,304 ("the '304 Patent") was filed on April 3, 1998, and that Exhibit A is titled "WIRELESS MULTIPLEX DATA TRANSMISSION SYSTEM." Monoprice admits that Exhibit A states on its face that the "Date of Patent" for the '304 Patent is July 12, 2005. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13. Monoprice admits that it previously offered for sale the Monoprice Wireless 802.11N Router w/ WPS & WISP Function ("the Accused Product"). Monoprice discontinued the Accused Product before the filing of the present Complaint. Monoprice denies that this product infringes any valid and enforceable claim of the '304 Patent. Monoprice denies the remaining

allegations of Paragraph 13.

14. Monoprice admits that the Accused Product was capable of wireless transmission of data and utilized the 2.4 GHz transmission frequency. Monoprice denies the remaining allegations of Paragraph 14.

15. Monoprice denies the allegations of Paragraph 15.

16. Monoprice denies the allegations of Paragraph 16.

17. Monoprice denies the allegations of Paragraph 17.

18. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "there are no marking requirements that have not been complied with," and therefore denies it. Monoprice denies the remaining allegations of Paragraph 18.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, Monoprice alleges and asserts the following defenses. Monoprice reserves all rights to allege additional defenses that become known through the course of this action consistent with any orders entered by the Court.

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

1. The Complaint, and each cause of action therein, fails to state any claim against Monoprice upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(EXPIRATION OF THE PATENT IN SUIT)**

2. Plaintiff's claims are barred, in whole or in part, by the expiration of the '304 Patent.

**THIRD AFFIRMATIVE DEFENSE**

**(INVALIDITY OF THE PATENT IN SUIT)**

3. The claims of the '304 Patent are invalid for failure to satisfy one or more of the statutory requirements for patentability, including, without

limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity. For example, Claim 12 recites a "control means adapted to allocate data from said local data sensors to respective ones or groups of said communications sub-channels in accordance with substantially different data rate requirements from said local sensors." The specification identifies only generic controllers or microcontrollers for performing this function, but fails to disclose any algorithm or code for performing it. Claim 12, therefore, is indefinite under 35 U.S.C. § 112.

**FOURTH AFFIRMATIVE DEFENSE**

**(NON-INFRINGEMENT OF THE ASSERTED PATENT)**

4. Monoprice has not infringed and does not currently infringe any claim of the '304 Patent, either directly, indirectly, contributorily, or by inducement. For example, the Accused Product also does not include "at least two local data sensors," "data from said local data sensors," and/or "substantially different data rate requirements from said local sensors."

**FIFTH AFFIRMATIVE DEFENSE**

**(PROSECUTION HISTORY ESTOPPEL)**

5. Monoprice has not and is not infringing some or all of the claims of the '304 Patent at least due to statements, representations, admissions, elections, positions, concessions, and filings made to the PTO during the prosecution of the applications that matured into the '304 Patent that constitute prosecution history estoppel barring Plaintiff from asserting that Monoprice infringes any of the claims of the '304 Patent.

**SIXTH AFFIRMATIVE DEFENSE**

**(LIMITATION ON DAMAGES UNDER 35 U.S.C. § 286)**

6. Plaintiff's claim for damages is barred, in whole or in part, by the statutory limitations of 35 U.S.C. § 286.

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

**(LIMITATION ON DAMAGES UNDER 35 U.S.C. § 287)**

7. Plaintiff's claim for damages is barred, in whole or in part, by Plaintiff's failure to comply with, and are statutorily limited by 35 U.S.C. § 287.

**EIGHTH AFFIRMATIVE DEFENSE**

**(LIMITATION ON DAMAGES UNDER 35 U.S.C. § 288)**

8. Plaintiff's claim for damages is barred, in whole or in part, by Plaintiff's failure to comply with, and are statutorily limited by 35 U.S.C. § 288.

**NINTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL OR ACQUIESCENCE)**

9. Plaintiff's claim to damages is barred in whole or in part by estoppel and/or acquiescence.

**COUNTERCLAIMS**

Defendant/Counterclaimant Monoprice, Inc. ("Monoprice") asserts Counterclaims against Plaintiff/Counterdefendant Magnacross LLC ("Magnacross") as follows:

**THE PARTIES**

1. Monoprice is a corporation organized under the laws of the State of California, with its principal place of business at 11701 6th Street, in Rancho Cucamonga, California 91730.

2. By its Complaint, Plaintiff Magnacross LLC alleges it is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 5900 South Lake Forest Drive, Suite 300, McKinney, Texas 75070.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between Monoprice, Inc. and Magnacross LLC.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 2201. This Court has personal jurisdiction over Plaintiff Magnacross LLC because Plaintiff has availed itself of this Court through the filing of the Complaint. Plaintiff alleges that it is the owner of U.S. Patent No. 6,917,304.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

**FIRST COUNTERCLAIM**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’304 PATENT**

6. Monoprice incorporates by reference its statements in Paragraphs 1–5 of its Counterclaims as though fully set forth herein.

7. Magnacross has asserted in its Complaint claims of patent infringement against Monoprice based on the ’304 Patent. Monoprice has denied that it has infringed or is infringing any valid claims of the patent. Thus, an immediate, real, and justiciable controversy now exists between Monoprice and Magnacross with respect to the ’304 Patent.

8. Monoprice does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the ’304 Patent, either literally or under the doctrine of equivalents.

9. Monoprice does not infringe at least claim 12 of the ’304 Patent because, for example, the Accused Product does not include “at least two local data sensors,” “data from said local data sensors,” and/or “substantially different data rate requirements from said local sensors.”

10. Under 28 U.S.C. §§ 2201 and 2202, Monoprice seeks a declaration from this Court that Monoprice has not directly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the ’304 Patent.

/ / /

## IV. PRAYER FOR RELIEF

WHEREFORE, Defendant Monoprice prays for the following relief:

A. An order dismissing with prejudice all claims against Monoprice and denying all relief to Magnacross;

B. That the Court enter judgment declaring that Monoprice does not infringe, and has not infringed, any claims of U.S. Patent No. 6,917,304;

C. That the Court find this case to be an exceptional case under 35 U.S.C. § 285, and that Monoprice recovers its reasonable attorneys' fees upon prevailing in this action;

D. That Magnacross take nothing by its Complaint against Monoprice;

E. That the Court deny any and all of Magnacross's requests for injunctive relief;

F. That the Court grant Monoprice fees for unreasonable and vexatious litigation under 28 U.S.C. § 1927;

G. That the Court award Monoprice its legal fees, costs, expenses, and other relief, both legal and equitable, upon prevailing in this action; and

H. That the Court award Monoprice any such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 23, 2020

By: */s/ Brian C. Claassen*
John B. Sganga, Jr.
Brian C. Claassen
Brandon G. Smith
Eric R. Malmgren

Attorneys for Defendant/Counterclaimant,
Monoprice, Inc.

## V. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, Defendant/ Counterclaimant Monoprice, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 23, 2020 By: */s/ Brian C. Claassen*

John B. Sganga, Jr.
Brian C. Claassen
Brandon G. Smith
Eric R. Malmgren

Attorneys for Defendant/Counterclaimant, Monoprice, Inc.

31887606